Argued and submitted August 26, reversed and remanded October 20, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON LEE BAINBRIDGE,
*Defendant-Appellant.*

Klamath County Circuit Court
0701228CR; A139959

241 P3d 1186

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services.

Samuel A. Kubernick, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for first-degree rape and third-degree rape. He argues that the trial court erred in admitting an expert's diagnosis of child sexual abuse in the absence of physical evidence supporting the diagnosis. He also argues that the expert's testimony was inadmissible because its probative value is substantially outweighed by the risk of unfair prejudice. Finally, defendant contends that the trial court erred in instructing the jury that it could find him guilty by a nonunanimous verdict and by accepting a nonunanimous verdict. We reverse and remand for a new trial based on the trial court's error in admitting the expert's diagnosis.

The relevant facts are not in dispute. The victim reported to a counselor that defendant had raped her when she was 14 years old. The police interviewed the victim and referred her to CARES, a child abuse assessment center. At CARES, pediatric nurse practitioner Lustick-Butts conducted a physical examination, and a forensic child interviewer, Seutter, conducted an interview. The physical examination did not indicate whether the victim had been sexually abused. Based on the interview, Lustick-Butts diagnosed child sexual abuse.

At trial, the state offered Lustick-Butts's diagnosis. Defendant objected that, in the absence of physical evidence of sexual abuse, the diagnosis amounted to vouching for the credibility of the victim. The trial court overruled the objection, and defendant ultimately was found guilty of first-degree rape by a 10-2 verdict and of third-degree rape by a unanimous verdict.

On appeal, defendant first argues that the trial court erred in overruling his objection to the admissibility of Lustick-Butts's diagnosis of child sexual abuse. The state responds that, although her testimony would permit an inference that her diagnosis was based solely on her belief in the victim's testimony, more is required to constitute impermissible vouching. Without an explicit opinion on the credibility of the victim, the state contends, the testimony is admissible.

Since the parties submitted their briefing, the Oregon Supreme Court issued its decision in *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010). In that case, the court held that an expert's diagnosis of child sexual abuse, in the absence of physical evidence, "necessarily was based on her assessment of the child's believability." *Id.* at 362. A diagnosis based purely on an assessment of the victim's credibility, the court held, amounts to impermissible vouching. *Id.* at 361-62.

*Lupoli* appears to be controlling. The state may be correct that Lustick-Butts did not *explicitly* vouch for the victim's credibility, but it would seem that her diagnosis—like the diagnoses in *Lupoli*—necessarily was based on her assessment of the child victim's credibility and, thus, amounted to impermissible vouching.

Because we conclude that, in light of *Lupoli*, the trial court erred in admitting Lustick-Butts's diagnosis, we need not address defendant's other arguments about the admissibility of that testimony. As for his arguments about the non-unanimous jury instruction and jury verdict, suffice it to say that we have previously rejected that argument and we decline to revisit the matter. *See State v. Bowen*, 215 Or App 199, 201-02, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US ___ (2009).

Reversed and remanded.