Argued and submitted June 29, reversed and remanded December 1, 2010

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ABEL CORDOVA-CONTRERAS,**
*Defendant-Appellant.*

Yamhill County Circuit Court
CR060416; A139645

245 P3d 147

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.*

---

* Brewer, C. J., *vice* Carson, S. J.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendant appeals a judgment of conviction for first-degree sexual abuse. ORS 163.427. He contends that the trial court erred in admitting a physician's diagnosis of sexual abuse in the absence of supporting physical evidence. According to defendant, such a diagnosis constitutes an inadmissible comment on the credibility of a witness—the victim. Furthermore, he asserts that the diagnosis was inadmissible because it did not satisfy the foundational requirements for scientific evidence and, "[t]o the extent it possessed minimal scientific validity, its probative value was outweighed by unfair prejudice." Finally, defendant argues that the trial court erred in denying his motion to require a unanimous jury verdict, in instructing the jury it could reach a nonunanimous verdict, and in accepting the jury's nonunanimous verdict. We reject without discussion defendant's contentions with respect to the nonunanimous verdict. *See State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009). However, because we conclude that the trial court erred in admitting the diagnosis of sexual abuse, we reverse and remand for a new trial.

The relevant facts are not in dispute. The victim, who was 10 years old, reported to her mother that defendant had touched her "privates" and that he had done the same thing on a number of prior occasions. The victim's mother called the police and reported what the victim had told her. A police detective scheduled an interview and examination of the victim at Juliette's House Child Abuse Assessment Center. At Juliette's House, a physician, Dr. Moore, conducted a physical examination of the victim. In addition, an intake counselor and forensic child interviewer conducted an interview, which Moore observed. Although he found no physical signs of abuse as a result of his examination of the victim, Moore diagnosed child sexual abuse.

Defendant filed a pretrial motion to exclude Moore's diagnosis. He contended that, given the absence of physical evidence, the doctor's only basis for the diagnosis was "believing the victim's word that something happened" and, therefore, the diagnosis constituted an impermissible comment on the victim's credibility. After hearing argument, the court

denied the motion to exclude the diagnosis of sexual abuse. At trial, the evidence in question was admitted, and the jury ultimately returned a verdict finding defendant guilty of first-degree sexual abuse.

Before this court, defendant renews the argument he made to the trial court regarding Moore's diagnosis of sexual abuse. That is, he asserts that "[a] medical diagnosis of sexual abuse based solely on a child's history, (*i.e.*, based on the child's statements and behavior without affirmatively supporting physical findings) constitutes an impermissible comment on the child's credibility. It is tantamount to an opinion that the child's claim of abuse is true." The state responds that, although the diagnosis might give rise to an inference that the doctor believed the victim's report, the doctor did not explicitly give an opinion regarding the victim's credibility and the diagnosis is therefore admissible. We agree with defendant.

In *State v. Bainbridge*, 238 Or App 56, 241 P3d 1186 (2010), we recently addressed the same issue that is presented in this case. Relying on the Oregon Supreme Court's decision in *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010), we concluded that a diagnosis of child sexual abuse made in the absence of physical evidence amounts to impermissible vouching for the credibility of the victim:

> "In [*Lupoli*], the court held that an expert's diagnosis of child sexual abuse, in the absence of physical evidence, 'necessarily was based on her assessment of the child's believability.' [348 Or] at 362. A diagnosis based purely on an assessment of the victim's credibility, the court held, amounts to impermissible vouching. *Id.* at 361-62.
>
> "*Lupoli* appears to be controlling. The state may be correct that [the expert] did not *explicitly* vouch for the victim's credibility, but it would seem that her diagnosis—like the diagnoses in *Lupoli*—necessarily was based on her assessment of the child victim's credibility and, thus, amounted to impermissible vouching."

*Bainbridge*, 238 Or App at 59 (emphasis in original).

The same result obtains here. Although Moore did not explicitly vouch for the victim's credibility, the diagnosis was based on his assessment of the victim's credibility. Thus,

it amounted to an impermissible comment on the victim's credibility and should not have been admitted. In light of that conclusion, we do not reach defendant's other arguments regarding the admissibility of the diagnosis.

Reversed and remanded.