Submitted December 3, reversed and remanded December 29, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH DWAYNE BROWN,
*Defendant-Appellant.*

Klamath County Circuit Court
0700310CR; A142613

245 P3d 1287

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals, challenging his convictions following a jury trial on one count of first-degree sexual abuse, ORS 163.427, and one count of attempted first-degree sexual abuse, ORS 161.405(2)(c), both pertaining to the complainant, AK, who was under the age of 14. Defendant assigns error to the trial court's admission, over defendant's objection, of the testimony of a CARES examining physician, Dr. Purvis, in which Purvis recounted her diagnosis that AK "had experienced sexual abuse." Purvis rendered that diagnosis notwithstanding that her physical examination of AK was "normal" and without any physical evidence of sexual abuse.

On appeal, defendant contends that, under *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), which was decided approximately four months after the trial of this matter, the admission of Purvis's diagnosis was reversible error.[1] The state concedes that, under *State v. Bainbridge*, 238 Or App 56, 241 P3d 1186 (2010), which followed *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010), the trial court's admission of Purvis's testimony recounting her diagnosis was reversible error. That concession is well founded, and we accept it. Accordingly, we reverse and remand for a new trial. *Bainbridge*, 238 Or App at 58.

Reversed and remanded.

---

[1] The trial court's admission of the disputed evidence was predicated, in part, on our disposition in *State v. Southard*, 214 Or App 292, 164 P3d 351 (2007), which the Supreme Court subsequently reversed.