Argued and submitted March 8, reversed and remanded April 20, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIMMY JOHN POTTS,
*Defendant-Appellant.*

Jefferson County Circuit Court
08FE0014; A140730

255 P3d 614

Erica Herb, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and David B. Thompson, Senior Assistant Attorney General.

Before Ortega, Presiding Judge, and Rosenblum, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment convicting him of two counts of first-degree sexual abuse. ORS 163.427. He contends that the trial court erred in admitting, in the absence of any physical signs of abuse, a medical diagnosis that the victim had been sexually abused. *See State v. Southard*, 347 Or 127, 218 P3d 104 (2009). In addition, citing *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010), defendant asserts that the doctor's "explanation of the basis of her diagnosis should have been excluded, because it constituted an impermissible comment on the credibility of the victim witness." Although defendant acknowledges that he did not raise those arguments before the trial court, he contends that admission of the evidence at issue was plain error under *Southard* and *Lupoli*. We agree that admission of the evidence was plain error pursuant to those cases. *See also State v. Gonzales*, 241 Or App 353, 360, 250 P3d 418 (2011) (treating admission of similar evidence as plain errors as they were "errors of law, not reasonably in dispute after the decisions in *Southard* and *Lupoli*, and discerning them d[id] not require us to go outside the record or choose between competing inferences" (Internal quotation marks omitted.)).

In support of its contention that we should not consider the admission of the evidence in question to be plain error, the state emphasizes that this case was tried to the court rather than to a jury. However, the trial judge specifically referred to some of the evidence at issue in his discussion of the verdict, stating that he considered it to be "evidence of truthfulness." As we explained in *State v. Davilia*, 239 Or App 468, 478, 244 P3d 855 (2010), in cases such as this, which essentially involve a swearing contest between the victim and defendant, even where the court does not, in explaining its verdict, specifically discuss this type of expert testimony, "that does not mean the court did not consider the evidence." *See also State v. Marrington*, 335 Or 555, 564-66, 73 P3d 911 (2003). Here, especially given the affirmative indication by the court that it actually relied on the evidence in question, we are unpersuaded by the state's contention. We conclude that the court admitted the evidence at issue in error and for the reasons set forth in *Gonzales*, 241 Or App at

360-61, as well as *State v. Merrimon*, 234 Or App 515, 520-22, 228 P3d 666 (2010), and *State v. Lovern*, 234 Or App 502, 512-14, 228 P3d 688 (2010), we exercise our discretion to correct those errors. *See also State v. Clay*, 235 Or App 26, 230 P3d 72 (2010).

Reversed and remanded.