Argued and submitted April 11, affirmed May 25, petition for review denied August 18, 2011 (350 Or 573)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEREMY EUGENE CHILDS,
*Defendant-Appellant.*

Marion County Circuit Court
07C51844; A141225

259 P3d 77

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Andrew Morgan Lavin, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Following a trial to the court, defendant appeals from a judgment convicting him of two counts of first-degree unlawful sexual penetration, ORS 163.411; one count of first-degree sexual abuse, ORS 163.427; and one count of using a child in a display of sexually explicit conduct, ORS 163.670. We write only to address defendant's contention that the trial court erred in admitting, in the absence of any physical signs of abuse, a physician's diagnosis that the victim had been sexually abused, *see State v. Southard*, 347 Or 127, 218 P3d 104 (2009), and reject defendant's other assignments of error without discussion.

Although defendant acknowledges that, before the trial court, he did not challenge the admission of the diagnosis, he contends that its admission was plain error under *Southard*,[1] and we agree. *See State v. Merrimon*, 234 Or App 515, 520, 228 P3d 666 (2010) (a "trial court's admission, following *Southard*, of a medical expert's diagnosis of child sexual abuse in the absence of physical evidence satisfies the requisites for 'plain error' under ORAP 5.45"); *see also State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (plain error is evaluated under the law at the time the appeal is decided). However, given the existence of evidence in this trial to the court that corroborated the victim's account, and given the court's comments regarding the relative insignificance of the physician's diagnosis, we are convinced that that diagnosis did not likely affect the court's verdict in this case. Accordingly, we decline to affirmatively exercise our discretion to remedy the alleged error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

First, and in contrast to several of our recent cases relating to this issue, this case did not amount to merely a "swearing contest" between the victim, who was 11 years old at the time of trial, and defendant. *See State v. Potts*, 242 Or

---

[1] Pursuant to ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the face of the record."

App 352, 255 P3d 614 (2011) (discussing in plain error context); *State v. Davilia*, 239 Or App 468, 477-78, 244 P3d 855 (2010); *see also State v. Marrington*, 335 Or 555, 73 P3d 911 (2003). Instead, in this case there was photographic evidence that corroborated the victim's account of the alleged abuse; specifically, a photograph of the victim's genital area, taken by defendant around the same time as the other alleged abuse, was admitted into evidence at trial. Indeed, the court noted that it considered the photographic evidence to fit in with the rest of the victim's account and to be "very damaging" to defendant's case as a whole.

Second, in explaining its verdict, the court specifically indicated that it did not particularly rely on the sexual abuse diagnosis in reaching its decision:

> "I * * * note that we had testimony from Dr. McNaughton. * * * In this particular case she really didn't have much of value that she could tell me. I respect her judgment with regard to whether or not she can offer a medical opinion on sex abuse, but frankly I think the value of that is diminishing; particularly in light of recent case law. * * * I'm just saying I really—she offered [a] diagnosis but there's not physical evidence in the case that I can look at, so that doesn't help very much, if at all."

Taken together, those circumstances convince us that the admission of the diagnosis did not likely affect the court's verdict in this case.

Given those considerations, we conclude that this case is not one where it is appropriate for us to affirmatively exercise our discretion to correct any error in the admission of the diagnosis of child sexual abuse.

Affirmed.