Submitted August 31, affirmed October 12, 2011, petition for review denied January 12, 2012 (351 Or 541)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**RICHARD PICKETT,**
*Defendant-Appellant.*

Jefferson County Circuit Court
08FE0144; A143116

264 P3d 209

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ORTEGA, P. J.

### ORTEGA, P. J.

Following a trial to the court, defendant was convicted of five counts of first-degree sodomy, ORS 163.405; 10 counts of first-degree sexual abuse, ORS 163.427; nine counts of first-degree encouraging child sexual abuse, ORS 163.684; nine counts of second-degree encouraging child sexual abuse, ORS 163.686; and two counts of using a child in a display of sexually explicit conduct, ORS 163.670. He appeals those convictions, contending that the trial court erred in admitting, in the absence of any physical signs of abuse, a medical expert's diagnosis that the victim had been sexually abused. *See State v. Southard*, 347 Or 127, 218 P3d 104 (2009).

Although defendant acknowledges that, before the trial court, he did not challenge the admission of the diagnosis, he contends that the admission of that evidence was plain error under *Southard*.[1] *See State v. Clay*, 235 Or App 26, 30, 230 P3d 72 (2010) (following *Southard*, a trial court's admission of a medical expert's diagnosis of sexual abuse in the absence of physical evidence constitutes plain error); *see also State v. Potts*, 242 Or App 352, 353, 255 P3d 614 (2011) (same). We agree with defendant that admission of the diagnosis in this case was plain error.

The state nonetheless asserts that "the overwhelming evidence of defendant's guilt, including his own admissions, make it highly unlikely that [the] diagnosis" affected the verdict. We agree that the admission of the diagnosis did not likely affect the court's verdict in this case and, accordingly, we decline to affirmatively exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (the appellate court must exercise its discretion to consider or not consider plain error, "and if the court chooses to consider the error, the court must articulate its reasons for doing so"); *State v. Childs*, 243 Or App 129, 131-32, 259 P3d 77, *rev den*, 350 Or 573 (2011) (declining to exercise discretion to correct plain error in admitting a sexual abuse diagnosis where the error did not likely affect the

---

[1] Under ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."

court's verdict); *see also Ailes*, 312 Or at 382 n 6 (in deciding whether to exercise discretion, court may consider, among other things "the gravity of the error" and "the ends of justice in the particular case").

As was the case in *Childs*, this case did not amount to merely a "swearing match" between the victim, who was 18 years old at the time of trial, and defendant. 243 Or App at 131-32. Instead, here, defendant, who was the victim's stepfather, admitted to sexually abusing the victim. In a recorded interview with police, which was admitted into evidence at trial, defendant extensively detailed the sexual acts that he had engaged in with the victim. By defendant's own account, the sexual contacts had begun when the victim was about eight years old and had continued regularly—about twice a month while the victim's mother was at work—until she was approximately 14 or 15 years old. He discussed the locations where the sexual contacts generally occurred and stated that the victim would perform sexual acts on him rather than doing chores. That evidence was uncontroverted at trial and was consistent with the victim's testimony regarding the abuse.

In addition to defendant's own statements, photographic evidence also substantiated the abuse. Specifically, several sexually explicit photographs of the victim were admitted at trial and corroborated her account. The court noted that defendant's own statements supported the verdict and described the evidence in the case as "overwhelming." Given the circumstances presented here, we are convinced that the admission of the diagnosis did not likely affect the court's verdict.

In light of that determination, we conclude that it would not be appropriate for us to affirmatively exercise our discretion to correct the error in admitting the diagnosis of sexual abuse.

Affirmed.