Argued and submitted November 15, 2011, reversed and remanded
February 1, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RAND MAURICE CODON,
*Defendant-Appellant.*

Jefferson County Circuit Court
08FE0210; A143373

270 P3d 409

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals a judgment convicting him of two counts of first-degree rape. ORS 163.375. In his first assignment of error, he contends that, in the absence of supporting physical evidence, the trial court erred in admitting a medical expert's diagnosis that the victim had been sexually abused. *See State v. Southard*, 347 Or 127, 218 P3d 104 (2009). Although he acknowledges that he did not raise that error before the trial court, defendant argues that the admission of the diagnosis was plain error under *Southard*. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."). In his second assignment of error, defendant asserts that the trial court plainly erred in admitting testimony from a social worker regarding whether, while interviewing the victim, the social worker observed any "red flags" that gave her concern that the victim was being untruthful or "misdisclosing." Finally, in his third and fourth assignments of error, defendant asserts that the trial court committed plain error in instructing the jury that it could reach a nonunanimous verdict and in imposing convictions based on nonunanimous verdicts. We agree with defendant that the trial court committed plain error in admitting the sexual abuse diagnosis, and that the error is one that we should exercise our discretion to correct. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Accordingly we reverse and remand.[1]

Defendant was the victim's stepfather. In November 2008, the victim wrote an e-mail to a friend disclosing that defendant had raped her. The friend's mother saw the e-mail and reported it to the police. As a result, the victim was interviewed by a caseworker with the Department of Human Services and, later, at the KIDS Center, a regional child abuse evaluation center. During those interviews, the victim

---

[1] Given our resolution of that issue, we do not address defendant's remaining assignments of error except to note that, as to defendant's arguments regarding the nonunanimous jury instruction and verdicts, this court has previously rejected those contentions. *See State v. Bainbridge*, 238 Or App 56, 59, 241 P3d 1186 (2010); *State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009).

stated that defendant had raped her one time in Oregon. Defendant, meanwhile, was interviewed by a police detective and eventually admitted that he had had sexual intercourse with the victim on one occasion in Oregon. He later made the same admission to a social worker who interviewed him.

Defendant was eventually tried on charges of first-degree rape and first-degree sexual abuse. During the trial, the state presented evidence from a medical expert that she had made a medical diagnosis that the victim "had been sexually abused." That diagnosis was not based on physical findings. At trial, the victim testified that defendant had, in fact, raped her "[m]ore than two" times in Oregon. Defendant, on the other hand, testified that he had never had sexual intercourse with the victim. He explained that he had made his earlier admission after he was told that the victim would have to undergo medical examination because he wanted to prevent the victim from having to go "through mental abuse and through physical by doctors probing and all that." Defendant ultimately was convicted of two counts of first-degree rape.

As noted, defendant contends that the admission of the sexual abuse diagnosis, in the absence of physical evidence of abuse, was plain error. The state responds that there is no plain error or, in the alternative, that we should not exercise our discretion to correct any error because defendant may have had strategic reasons not to object to the admission of the diagnosis. In support of that assertion, the state points to the fact that, based in part on the expert's testimony, defense counsel emphasized at trial that the victim had reported prior to trial that any sexual intercourse happened only one time in Oregon, rather than more than twice as she testified at trial.

Since *Southard,* this court has repeatedly held that it is plain error for a trial court to admit a medical expert's diagnosis of sexual abuse in the absence of physical findings to support the diagnosis. *See, e.g., State v. Feller,* 247 Or App 416, 419, 269 P3d 110 (2011); *State v. Potts,* 242 Or App 352, 353, 255 P3d 614 (2011); *State v. Clay,* 235 Or App 26, 30, 230 P3d 72 (2010). We are not persuaded by the state's contention that the record supports an inference that defendant wanted

the diagnosis admitted into evidence. As we said in *State v. Lovern*, 234 Or App 502, 512, 228 P3d 688 (2010), inferences, "for purposes of the plain error analysis, must be plausible—and the inference that the state posits is not plausible." Although the state points to defendant's use of certain portions of the expert's testimony in his arguments—for example, that, in contrast to her trial testimony, defendant reported to the medical expert that defendant had raped her only one time in Oregon—that does not plausibly support the inference that defendant wanted the expert's diagnosis of sexual abuse to be admitted into evidence. *See also Feller*, 247 Or App at 421 (given that the diagnosis evidence was understood to be admissible at the time of trial, "the only inference we draw from defendant's failure to object is that counsel understood that an objection would be futile"); *Lovern*, 234 Or App at 512 (rejecting the state's contention that the defendant may have had a tactical reason for wanting diagnosis admitted in evidence).

As we have in "dozens of cases involving unpreserved claims of error under *Southard*," *State v. Volynets-Vasylchenko*, 246 Or App 632, 638, 267 P3d 206 (2011), we conclude in this case that the trial court plainly erred in admitting the diagnosis and that, for the reasons set forth in *Lovern* and *State v. Merrimon*, 234 Or App 515, 228 P3d 666 (2010), it is proper to exercise our discretion to correct the error.

Reversed and remanded.