Argued and submitted August 18, 2015, affirmed February 10, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EUGENE ADAM JACOBS,
*Defendant-Appellant.*

Multnomah County Circuit Court
130230594; A155210

369 P3d 82

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Nora Coon, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.*

DE MUNIZ, S. J.

_____

* Tookey, J., *vice* Nakamoto, J. pro tempore.

**DE MUNIZ, S. J.**

Defendant appeals a conviction for unlawful delivery of marijuana, ORS 475.860, resisting arrest, ORS 162.315, and tampering with physical evidence, ORS 162.295. With respect to his conviction for tampering with physical evidence, defendant argues that the evidence was insufficient to prove that he knew that an official proceeding was about to be instituted when he destroyed evidence.[1] We affirm.

We state the facts in the light most favorable to the state and review those facts to determine whether a rational jury could find the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

On February 8, 2013, undercover officers observed defendant standing with an acquaintance, Nees, on a MAX platform across from the convention center in Portland. Nees asked other passengers on the platform, "Who needs the chronic?" Officer Haynes approached Nees and negotiated a marijuana purchase with him while defendant acted as a lookout. Haynes completed the exchange and radioed other officers for assistance after leaving the scene. Sergeant Lee observed Nees hand defendant a small quantity of marijuana and thanked him for his help. Officer Whitham and Deputy Malizia arrived and announced to the pair that they were under arrest. Nees attempted to hide an object in his sock while defendant put the marijuana in his mouth and began chewing. Worried that the evidence would be destroyed, Malizia grabbed defendant's arms and told him to spit out the marijuana. A short struggle ensued, and defendant swallowed the marijuana. Once in custody, defendant admitted that when he swallowed the marijuana he knew that he was under arrest.

---

[1] Defendant's second and third assignments of error concern the trial court's refusal to instruct the jury that it could convict as to each of the charges only if the verdict were unanimous. Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require that instruction. That argument is foreclosed by *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009). *See State v. Bainbridge*, 238 Or App 56, 59, 241 P3d 1186 (2010) (noting that the argument for a unanimous jury requirement was rejected previously and declining to revisit the matter). Accordingly, we affirm defendant's convictions for unlawful delivery of marijuana and resisting arrest without further discussion.

At the close of the state's evidence, defendant moved for judgment of acquittal on the tampering charge, arguing that the evidence was insufficient to support a conviction because it did not show that defendant knew that an official proceeding was about to be instituted. The trial court denied defendant's motion, and a jury found defendant guilty.

On appeal, the question presented—whether the evidence was sufficient to prove that defendant had knowledge that an official proceeding was about to be instituted—is one of statutory interpretation. We apply the usual paradigm, first examining the text and context of the statute and proceeding, if necessary, to any relevant legislative history, giving that history the weight it merits. *State v. Gaines*, 346 Or 160, 170-72, 206 P3d 1042 (2009); ORS 174.020(3). If the legislature's intent remains unclear after examining the text, context, and legislative history, we may resort to general maxims of statutory construction to resolve the uncertainty. *Gaines*, 346 Or at 172.

With that interpretative framework in mind, we turn to the merits of defendant's challenge to his conviction. ORS 162.295(1)(a) provides that a person commits the crime of tampering with physical evidence if, "with intent that [the evidence] be used, introduced, rejected or unavailable in an official proceeding which is then pending or to the knowledge of such person is about to be instituted, the person," among other things, "[d]estroys, mutilates, alters, conceals or removes physical evidence impairing its verity or availability * * *[.]" The principal dispute between the parties is over the meaning of the word "knowledge" and the phrase "about to be instituted."

Defendant does not dispute that he knew that he was under arrest when he swallowed the marijuana. However, in defendant's view, knowledge of the arrest does not permit an inference that he knew an official proceeding was about to be instituted.[2] Defendant urges that, because he did not receive actual notice of the crime for which he was

---

[2] For purposes of ORS 162.295, an "official proceeding" is "a proceeding before any judicial, legislative or administrative body or officer, wherein sworn statements are received, and includes any referee, hearing examiner, commissioner, notary or other person taking sworn statements in connection with such proceedings." ORS 162.225(2).

under arrest, the evidence is insufficient to prove that he knew that an official proceeding was about to be instituted. Defendant argues that without that notice, an official proceeding was merely an "imaginary proceeding that 'might' commence in the future" because the district attorney could have decided not to bring charges, in which case the arrest would not have culminated in an official proceeding. The state counters that defendant's knowledge that he was under arrest, coupled with the act of swallowing the marijuana, is sufficient to permit a jury to reasonably infer that defendant knew that an official proceeding was about to be instituted.

We begin our analysis with the word "knowledge" as used in the statutory text. Knowledge, when used in reference to an attendant circumstance, "means that a person acts with an awareness * * * that a circumstance so described exists." ORS 161.085(8). The phrase "acts with an awareness" makes clear that knowledge may be inferred from a defendant's conduct. The statute does not require that a defendant be given actual notice that an official proceeding is about to be instituted.

The phrase "about to be instituted" is not defined by the statute; however, "about" and "institute" are commonly used words so we look to their dictionary definitions. *E.g.*, *Gaines*, 346 Or at 175 & nn 13-15. When used as an adverb, "about" means "ALMOST : NEARLY." *Webster's Third New Int'l Dictionary* 5 (unabridged ed 2002). The verb "institute" means "to originate and get established : set up : cause to come into existence." *Id.* at 1171. With those definitions in mind, the question becomes one of timing.[3] How closely does the institution of an official proceeding have to follow the act before a defendant may be held criminally liable based on an inference that he or she knew that the proceeding was about to be instituted?

Defendant contends that he swallowed the marijuana before he could have had knowledge, as a matter of

---

[3] Although neither party cited or referred to any legislative history, we here reviewed the legislative history of the statute and did not find it helpful in resolving the issues in this case. *See Gaines*, 346 Or at 170-71 (the extent of the court's consideration of legislative history and the evaluative weight a court gives it, is for the court to determine).

law, that an official proceeding was about to be instituted. In support of that contention, defendant relies on *State v. Austin*, 265 Or App 140, 333 P3d 1224 (2014). In that case, the defendant called in a report to the police alleging that her boyfriend had violated a restraining order. *Id.* at 141. She told police that her boyfriend had broken a lamp during a visit to her home. When an officer arrived to investigate her report, he observed the lamp through the window, unbroken. Later that night, the defendant broke the lamp in an attempt to corroborate her false report. She was convicted in the trial court of tampering with physical evidence. *Id.* at 141-42. On appeal, we concluded that the knowledge element in the statute is not satisfied by a defendant's intent or belief that the evidence will be used in a future proceeding where that proceeding only "might commence in the future." *Id.* at 145 (internal quotation marks omitted).

In *Austin*, the defendant's belief that the falsified evidence would be used in an official proceeding was based only on her own hope that her boyfriend would be indicted, unsubstantiated by any indication by police or authority that an official proceeding was about to be instituted against him. Here, unlike in *Austin*, the facts supporting the inference of defendant's knowledge exist outside of his own subjective belief. After taking part in a sale of illegal drugs, defendant observed uniformed police officers approaching. The officers announced that defendant was under arrest before he began to swallow the marijuana. To arrest "means to place a person under actual or constructive restraint or to take a person into custody for the purpose of charging that person with an offense." ORS 133.005(1).

In *State v. Kirkland*, 241 Or App 40, 43-45, 249 P3d 554 (2011), we considered whether, under ORS 165.065(1), the evidence was sufficient to find that the defendant drew a check knowing that the bank would not honor it. The defendant argued that, until the check was processed and rejected by the bank, the evidence was insufficient to support a finding that he knew that it would not be honored. *Id.* at 43. We affirmed the defendant's conviction after determining that his statement that he "'didn't have cash in the bank'" was sufficient to support a finding that he knew that the bank would refuse to honor the check. *Id.* at 46. Where

knowledge of the future actions of a third party is an element of an offense, evidence that the defendant knows of a circumstance that will cause the requisite actions of the third party to occur can, in some circumstances, be sufficient to create an inference of knowledge. This is one of those circumstances: Where defendant knew that he was under arrest—that is, that he was being taken into custody for the purpose of being charged with an offense—a rational factfinder could reasonably infer that defendant knew that an official proceeding was about to be commenced.

Viewing the evidence in the light most favorable to the state, we conclude that the trial court correctly denied defendant's motion for judgment of acquittal. Malizia's testimony that defendant stated that he knew that he was under arrest was sufficient to permit a rational trier of fact to find that defendant swallowed the marijuana with knowledge that an official proceeding was about to be instituted.

Affirmed.