NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD PICKETT, | No. 20-35247 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02394-SB |
| v. | |
| RICK COURSEY, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 7, 2020[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[***]
District Judge.

Richard Pickett appeals from the district court's denial of his petition for a

writ of habeas corpus. The state court decided that he was not entitled to relief on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

either of his two claims of ineffective assistance of counsel, and Pickett argues that this decision was unreasonable under 28 U.S.C. § 2254(d). We affirm.

**1.** Pickett's first claim is based on his trial counsel's failure to object to the testimony of a physician's assistant that she had diagnosed the victim with child sexual abuse in the absence of physical evidence. Shortly after Pickett was convicted, the Oregon Supreme Court, in *State v. Southard*, 218 P.3d 104 (Or. 2009), ruled that such testimony was inadmissible under Oregon Evidence Code Rule 403. *Id.* at 111–13. *Southard* was pending during Pickett's trial, and Pickett argues that his trial counsel should have objected to this testimony to preserve the issue.

Regardless of whether trial counsel's failure to object constituted deficient performance, the state courts reasonably concluded that Pickett's trial would not have ended any differently even if counsel had objected and this evidence had been excluded. As the Oregon Court of Appeals noted on direct appeal, the other evidence at trial was extensive, including Pickett's detailed admissions to law enforcement officers, testimony from the victim, and photographs corroborating the victim's account. *State v. Pickett*, 264 P.3d 209, 210 (Or. Ct. App. 2011). Applying the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), the state post-conviction court held that there was no reasonable probability of a different outcome in the absence of counsel's purported error. *See id.* at 694. This

decision was not contrary to or an unreasonable application of *Strickland*'s prejudice prong. *See* 28 U.S.C. § 2254(d)(1).

**2.** Pickett's second claim is based on his appellate counsel's failure to raise an issue on appeal. At trial, Pickett moved to suppress the victim's diary and letters, arguing that they fell outside the scope of the search warrant under which they were seized. On direct appeal, Pickett's appellate counsel dropped this issue, instead raising only the unpreserved *Southard* issue. Pickett argues that his counsel should also have sought review of the motion to suppress.

Regardless of whether Pickett's appellate counsel performed deficiently, the state courts reasonably concluded that his appeal would not have ended differently even if counsel had raised this issue on appeal. The search warrant included "[a]ny and all evidence of the crimes of" encouraging child sexual abuse, and at the hearing on the motion to suppress, a law enforcement officer testified that diaries and letters sometimes contain evidence of this crime. The officer further testified that during the search of Pickett's house, it was "immediately apparent" that the seized documents were valuable evidence. On this basis, the trial court ruled that the documents fell within the scope of the search warrant and, in the alternative, that the documents were lawfully seized under the plain-view doctrine.

According to the state post-conviction court, Pickett failed to show a reasonable probability that the trial court's ruling would have been overturned on

direct appeal in the absence of appellate counsel's alleged error. Given the apparent soundness of the trial court's ruling, the decision of the post-conviction court was neither contrary to nor an unreasonable application of *Strickland*'s prejudice prong.

**AFFIRMED.**