No. 815　　　　November 14, 2024　　　　203

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

B. R. B.,
*Petitioner-Appellant,*

*v.*

LUCAS JAMES SWEENEY,
*Respondent-Respondent.*

Lane County Circuit Court
24SK00312; A183435

Benjamin M. Bloom, Judge.

Argued and submitted October 15, 2024.

Andy Simrin argued the cause for appellant. Also on the brief was Andy Simrin PC.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Reversed and remanded.

**KISTLER, S. J.**

Petitioner appeals a judgment dismissing his petition for a civil stalking protective order (SPO). The trial court ruled that the petition was facially deficient because it did not allege that respondent had prior notice that his contacts were "unwanted." We reverse and remand for further proceedings.

A petitioner may bring an action for a civil SPO if the respondent "intentionally, knowingly or recklessly engage[d] in [at least two] unwanted contact[s] with the petitioner *** thereby alarming or coercing the petitioner[.]" ORS 30.866(1). The contacts must cause the petitioner "reasonable apprehension regarding [his or her] personal safety," and the petitioner's alarm must be objectively reasonable. *Id.* If a trial court finds, based on the allegations in the petition, that the petitioner has met the elements set out in ORS 30.866(1), then it must enter a temporary SPO and can, after further proceedings, enter a permanent SPO. *See* ORS 30.866(2).

The petition in this case alleged multiple unwanted contacts. We describe two of them. One morning, respondent drove to petitioner's home, tossed a package that resembled a bomb towards his house, and then drove across petitioner's lawn ramming his garbage cans. Later that evening, respondent drove slowly past petitioner's home, leaned out his window, and gestured. When petitioner "ran towards him to get a better ID, [respondent] turned his car around [and] returned at a high rate of speed." Realizing that he was "in peril," petitioner moved out of the way and called 9-1-1.

Petitioner argued, and the trial court agreed, that respondent "should have known" that both contacts were unwanted. The court observed, however, that the petition did not allege that respondent had been given prior notice that he should not contact petitioner. In the court's view, prior notice was a necessary prerequisite, as a matter of law, for inferring that respondent knew that his contacts were "unwanted." The court concluded that, without an allegation of prior notice, the petition was facially deficient, and it dismissed the petition on that ground.

Depending on the nature of the relationship and the nature of the contact, actual or constructive notice that no further contact is desired can provide helpful evidence that future contacts are unwanted. However, prior notice is not always required to establish that a contact is unwanted. *See Boyd v. Essin*, 170 Or App 509, 515, 515 n 7, 12 P3d 1003 (2000), *rev den*, 331 Or 674 (2001) (husband's assault on son constituted an unwanted contact even though it occurred in their family home before husband and wife (the petitioner) separated); *cf. D. A. v. White*, 253 Or App 754, 764, 292 P3d 587 (2012) (the trial court did not err in finding that, even though the petitioner continued to work with the respondent after a rift, the respondent's later physical threats were unwanted contacts).

In this case, we agree with the trial court that respondent "should have known" that throwing what appeared to be a bomb at petitioner's home and apparently trying to run over petitioner were unwanted contacts. And, if respondent should have known that those contacts were unwanted, a trier of fact reasonably could infer that respondent knew those contacts were unwanted. *See Yes On 24-367 Comm. v. Deaton*, 276 Or App 347, 359, 367 P3d 937 (2016) ("[D]irect proof of a defendant's subjective state of mind is typically hard to come by, and intent, knowledge, and recklessness are often inferred from surrounding circumstances."); *see also, e.g.*, *State v. Jacobs*, 276 Or App 453, 458, 369 P3d 82 (2016) (inferring knowledge in specific circumstances); *State v. Kirkland*, 241 Or App 40, 46, 249 P3d 554 (2011) (same). At a minimum, a trier of fact could find that respondent acted recklessly in disregarding the risk that his actions were unwanted. *See D. A.*, 253 Or App at 764 (concluding that the respondent recklessly failed to be aware that his contacts were unwanted).

Taking the allegations in the petition as true, we conclude that they permitted a trier of fact to find that respondent either knew or recklessly disregarded the risk that his contacts with petitioner were unwanted. The trial court erred in dismissing the petition.

Reversed and remanded.