STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZELAJA ALONNA BATTLES, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C091628CR; A145116

287 P3d 1277

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of attempted murder, ORS 161.405; ORS 163.115, second-degree assault, ORS 163.175, and unlawful use of a weapon, ORS 166.220. On appeal from the resultant judgment, defendant contends that (1) the trial court erred in imposing departure sentences on the convictions, (2) the court plainly erred in imposing a unitary assessment on the attempted murder conviction, (3) the court plainly erred in imposing a 144-month sentence for the second-degree assault conviction, and (4) the court plainly erred in accepting a nonunanimous verdict and in instructing the jury that it could reach a nonunanimous verdict.[1] We reject without discussion defendant's challenges to the trial court's imposition of departure sentences. *See State v. Speedis*, 350 Or 424, 256 P3d 1061 (2011); *State v. Sanchez*, 238 Or App 259, 242 P3d 692 (2010), *rev den*, 349 Or 654 (2011). Furthermore, we reject without discussion defendant's assertions regarding the nonunanimous jury verdict. *See State v. Bainbridge*, 238 Or App 56, 59, 241 P3d 1186 (2010); ORCP 59 H.

With respect to the unitary assessment, the state concedes that the trial court committed plain error in imposing a unitary assessment on the attempted murder conviction. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record). We agree and accept the state's concession. *See State v. Becker*, 171 Or App 721, 722, 15 P3d 1264 (2000) (it is error to impose a unitary assessment for an attempt crime). Furthermore, in light of the interests of the parties and the ends of justice in this case, we conclude that it is appropriate to exercise our discretion to correct the error. *See Ailes*, 312 Or at 382 n 6. Accordingly, the case must be remanded for resentencing. *See Becker*, 171 Or App at 722 (remanding for resentencing where trial court improperly imposed unitary assessment); *see also* ORS 138.222(5)(a).

---

[1] Defendant also filed a *pro se* brief in which he asserts seven additional assignments of error. We reject all of those *pro se* assignments of error without discussion.

The state also concedes that the trial court committed plain error in imposing a 144-month sentence on defendant's second-degree assault conviction. However, the state asserts that we should decline to exercise our discretion to correct the error because the sentence is set to run concurrently to a proper 144-month sentence. We agree that the trial court committed plain error in imposing that sentence. *See* ORS 163.175(2); ORS 161.605(2). Because the case is to be remanded for resentencing, the trial court should also address this issue on remand.

Remanded for resentencing; otherwise affirmed.