Submitted November 7, affirmed December 24, 2014

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JAMES LEROY COOK,**
*Defendant-Appellant.*

Marion County Circuit Court
13C42340; A155184

341 P3d 848

Peter Gartlan, Chief Defender, and Alice S. Newlin, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the reply brief were Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

LAGESEN, J.

Defendant appeals a judgment of conviction, asserting only an unpreserved assignment of error regarding the trial court's award of attorney fees for defendant's court-appointed lawyer under ORS 151.505(3) and ORS 161.665(4). Defendant contends that the award must be set aside in its entirety because the record contains no evidence that defendant "is or may be able to pay" any amount of attorney fees. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the trial court erred in awarding attorney fees and acknowledges that the record contains no evidence regarding defendant's ability to pay a fee award but argues that we should remand to the trial court with instructions to enter a judgment for a reduced fee award based on arguments that defense counsel made at sentencing. We decline to accept the state's concession. *See State v. R. L. W.*, 267 Or App 725, 728, 341 P3d 845 (2014) (explaining that we are not bound by concessions of error). Based upon our independent review of the record, we conclude that any error by the trial court was invited and, in any event, is not plain. Accordingly, we affirm.

Defendant pleaded guilty to, and was convicted of, three counts of encouraging child sexual abuse in the first degree, ORS 163.684. The trial court sentenced defendant to a stipulated sentence of 225 months in prison and 76 months of post-prison supervision. At sentencing, the prosecutor noted that she had already "filled out the judgments for the case" and had "gone ahead and put down on the monetary awards attorney fee, Judge, but certainly we can modify those depending on what you decide, and any other monetary awards." As filled out by the prosecutor, the judgment indicated a total attorney fee award of $4,800 ($1,600 in fees per conviction). In response to the requested award of fees, defense counsel argued that a reduced amount of "perhaps * * * one-third" would be appropriate:

"[DEFENSE COUNSEL]: The one thing I forgot to mention, Your Honor, is attorney's fees are optional based on the client's ability to pay, and so the Court might consider, rather than having him pay the full amount of attorney's fees, perhaps reducing it to one-third, if the Court thinks that's appropriate, just because he'll obviously be in prison and it would be very hard for him to pay the full amount.

"THE COURT: Okay. Normally, my process is that when it is anticipated there would be post-prison supervision, I would enter a judgment for the attorney's fees and then there would need to be a finding by Department of Corrections at release about your ability to pay and setting up a payment schedule at that time. So I would authorize attorney's fees at this point, keeping in mind that your future ability to pay will really set the monthly payments and whether or not that's possible to collect.

"So I'm going to enter the attorney's fees now, but that will be a later decision by Department of Corrections."

The trial court then signed the orders prepared by the state.

Thereafter, further proceedings were held off the record, after which the court came back on the record to amend the judgment with respect to the award of attorney fees:

"THE COURT: All right. This is on State v. Cook, 13C-42340. I just pronounced sentence in this case, but I was told that the computation of the attorney's fees was in error, and so I'm going to change that total and I will initial that on each page of the judgment. I think the net effect is it reduces the attorney's fees.

"[DEFENSE COUNSEL]: It does, Your Honor. It will be [$]820 times 3 instead of [$]1,600 times 3.

"THE COURT: Okay. So I will simply make that change and initial each page, and since we're still all in the courtroom, I thought I'd just announce it on the record.

"[DEFENSE COUNSEL]: Everybody's good with that. I'm sure my client is good in that reduction and the Attorney General's Office, Ms. Hoffmeyer said she's fine with that as well.

"THE COURT: All right. So the total should be then $2,460?

"[DEFENSE COUNSEL]:   That's correct, Your Honor.

"THE COURT:   [$]2,460. All right. I will make that change. Thank you very much."

The court then crossed out the $1,600 in attorney fees that it had awarded on each conviction and, in each instance, replaced it with $820, thereby reducing the total award of attorney fees from $4,800 to $2,460, the amount that, according to defense counsel, "[e]verybody's good with[.]"

As noted, defendant's sole contention on appeal is that the trial court erred by awarding any amount of attorney fees, and the state concedes the error. However, given how the parties presented the issue of attorney fees to the trial court, we decline to accept the state's concession and decline to review defendant's claim of error for two reasons.

First, "if an appellant 'was actively instrumental in bringing about' the error, then the appellant 'cannot be heard to complain, and the case ought not to be reversed because of it.'" *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 217, 77 P 119 (1904)); *see State ex rel Juv. Dept. v. S. P.*, 346 Or 592, 606, 215 P3d 847 (2009) ("This court has determined that it will not exercise its discretion to review an asserted plain error if the party seeking review encouraged commission of the error in question * * *."). Here, defense counsel told the trial court that an award of fees is "optional based on the client's ability to pay," implying that such an option was at least possible on the record before the court. Defense counsel then asked the court to "consider, rather than having him pay the full amount of attorney's fees, *perhaps reducing it to one-third, if the Court thinks that's appropriate, just because he'll obviously be in prison and it would be very hard for him to pay the full amount.*" (Emphasis added.) And, ultimately, after off-the-record discussions led to a significant reduction in the amount of attorney fees awarded, defense counsel told the court that "[e]verybody's good with that" reduced amount. In other words, defendant framed the question of attorney fees as a choice among three alternatives, each of which lacked support in the record: "the full amount," which

would be "very hard for him to pay"; one-third of that "full amount," which would be easier; or, finally, the apparent consensus amount of approximately one-half the amount originally requested by the state. Having implied to the trial court that some award of attorney fees was authorized and then having encouraged the trial court to award fees based on the parties' representations, defendant is no longer in a position to argue that "the trial court lacked the authority to impose *any* attorney fees." (Emphasis by defendant.)

Second, even if defendant had not invited the error, the quoted part of the transcript demonstrates why the asserted error—if error—does not qualify as plain error. To qualify as "error apparent on the record," the error must, among other criteria, not require us to "go outside the record to identify the error or choose between competing inferences * * *." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In this case, a conclusion that the trial court erred by awarding $2,460 in attorney fees would require us to resolve competing inferences regarding what the parties discussed, and what agreement they may have reached, during the off-the-record discussions that led the trial court to reduce the original award of attorney fees.[1] It is possible that the parties negotiated a resolution— something tantamount to a stipulated amount of attorney fees. The transcript does not conclusively establish what transpired during those unrecorded discussions, and we cannot entertain a claim of plain error that requires us to speculate about what the parties might have accomplished while off the record. *See State v. Harbick*, 234 Or App 699, 705, 228 P3d 727, *rev den*, 349 Or 171 (2010) (explaining that the appellant had not demonstrated that the trial court committed plain error by considering a guilty-except-for-insanity defense, because given the evidence of off-the-record proceedings in that particular case, "[i]t is at least

---

[1] The fact that the record affirmatively reflects that off-the-record discussions about attorney fees took place distinguishes this case from *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014). There, in which we concluded that a trial court plainly erred by awarding attorney fees, there was no evidence of any off-the-record discussions of attorney fees, and we declined to speculate as to whether such discussions may have occurred. Here, by contrast, the record not only reflects that such discussions occurred, but that they led to the entry of a fee award that everybody was "good with."

possible that, following the competency hearing, the parties discussed that very issue off the record").

Affirmed.