Submitted April 28, affirmed June 3, petition for review denied July 9, 2015
(358 Or 70)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ZELAJA ALONNA BATTLES, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C091628CR; A155021

350 P3d 612

Peter Gartlan, Chief Defender, and David O. Ferry, Senior Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Zelaja A. Battles, Jr., filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for appellant.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of attempted murder, second-degree assault, and unlawful use of a weapon, contending, among other things, that the trial court plainly erred in ordering him to pay $1,400 in court-appointed attorney fees. We write only to discuss defendant's claim of error regarding the attorney-fee award, and reject without written discussion all of defendant's other assignments of error. Defendant acknowledges that his challenge to the attorney-fee award is unpreserved, but he asks us to review it as "plain error" under ORAP 5.45(1). The state concedes the error, on the ground that the record of the resentencing hearing was silent as to defendant's ability to pay. For the reasons explained below, we decline to accept the state's concession, *see State v. Cook*, 267 Or App 776, 777, 341 P3d 848 (2014), and, based on our independent review of the record provided, we conclude that any error is not plain.

The record indicates that, when the trial court ordered defendant to pay the $1,400 fee, the court was simply reinstating a fee award that had been previously imposed. Defendant's first sentencing hearing was in 2010, which resulted in a judgment imposing a $1,400 attorney-fee award. In his appeal of that original judgment, defendant does not appear to have challenged the imposition of the fee award, and we remanded for resentencing on unrelated grounds. *See State v. Battles*, 252 Or App 569, 287 P3d 1277 (2012).[1] After remand and following a resentencing hearing, the trial court reimposed its prior sentence, with modifications consistent with our opinion, and the judgment again included the $1,400 attorney-fee award. It is that judgment that defendant now appeals, arguing that the trial court plainly erred in imposing the fee without making

---

[1] In that appeal, defendant contended that, "(1) the trial court erred in imposing departure sentences on the convictions, (2) the court plainly erred in imposing a unitary assessment on the attempted murder conviction, (3) the court plainly erred in imposing a 144-month sentence for the second-degree assault conviction, and (4) the court plainly erred in accepting a nonunanimous verdict and in instructing the jury that it could reach a nonunanimous verdict." *Battles*, 252 Or App at 570. In a supplemental *pro se* brief, defendant asserted seven additional assignments of error, which we rejected without discussion. *Id.* at 570 n 1.

the necessary finding that defendant "is or may be able to pay" it. ORS 151.505(3).

Defendant has not established that the trial court plainly erred. Defendant's argument is that the record is insufficient to support the attorney-fee award. However, in this case, where the trial court reinstated its prior attorney-fee award, it is an open legal question as to whether the record developed at the original sentencing proceeding would be independently sufficient to support the reimposition of fees on remand. Given that that matter is subject to reasonable dispute, and defendant here has not provided us with the transcript of the original sentencing hearing, we are unable to conclude that the imposition of attorney fees constitutes plain error.

Affirmed.