Submitted May 29, portion of the judgment requiring defendant to pay attorney fees reversed; otherwise affirmed July 15, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TENIKIA ELIZABETH BROWN,
*Defendant-Appellant.*

Washington County Circuit Court
C122907CR; A155738

355 P3d 129

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

## GARRETT, J.

Defendant appeals a judgment of conviction and assigns error solely to the portion of the judgment that requires her to pay $600 for court-appointed attorney fees. Although defendant did not object at sentencing, she argues on appeal that the trial court plainly erred by imposing those attorney fees because the record contains no evidence defendant "is or may be able to pay" them. The state concedes that the record contains no such evidence and that "the award was plainly erroneous."[1] Nevertheless, the state argues that "the trial court's error is not properly subject to review because defendant invited it." For the reasons that follow, we conclude that defendant did not invite the error. Furthermore, we conclude that the unpreserved error in this case warrants correction. Accordingly, we reverse the portion of the judgment that imposed attorney fees.

The facts relevant to this appeal are entirely procedural. Defendant was convicted of one count of identity theft, ORS 165.800. The court entered a judgment of conviction that sentenced defendant to, among other things, a prison term of 33 months and an assessment of $600 to help pay for the cost of her court-appointed attorney. At sentencing, the following colloquy occurred:

"[THE COURT: Defense attorney], were you retained— no, you were appointed on this case?

"[DEFENSE ATTORNEY]: I'm appointed.

"THE COURT: So I'm sorry. There has to be attorney fees that's—that's—both of these are C felonies. But you're

---

[1] ORS 151.505(3) provides that a

"court may not require a person to pay [the administrative costs of determining the eligibility of the person for appointed counsel, and the costs of the legal and other services that are related to the provision of appointed counsel] under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

Likewise, ORS 161.665(4) provides that a "court may not sentence a defendant to pay [costs specially incurred by the state in prosecuting the defendant] under this section unless the defendant is or may be able to pay them." The burden of proving that a defendant "is or may be able to pay" those fees is on the state. *State v. Pendergrapht*, 251 Or App 630, 633-34, 284 P3d 573 (2012).

not on my schedule, so do you have an idea, how much your attorney fees are going to be?

"[DEFENSE ATTORNEY]: I don't. I know all my cases are kind of muddled together. On the probation violation, not much at all. Well, we haven't gotten there.

"THE COURT: Well—

"[DEFENSE ATTORNEY]: In fact, I doubt I have any time for the probation violation that is not also being used and would not also be double billed for any of the other cases.

"THE COURT: Well, let's do this. You need to get—I will order attorney's fees so long as they're reasonable and you'll need to give that number to [the prosecutor] to put in the final judgment when you figure it all out, okay? And then there is the $200 felony fine.

"Is there anything else on—on the new conviction on C122907CR, [prosecutor]?

"[THE STATE]: I don't believe so.

"THE COURT: [Defense attorney]?

"[DEFENSE ATTORNEY]: If I may have Your Honor's permission to address attorney's fees.

"THE COURT: Yeah.

"[DEFENSE ATTORNEY]: Yeah. I believe in this case that—that the attorney's fees should be the amount stipulated by contract to other public defender's offices as it was not my client's decision to have someone who is paid by the hour by the State instead of the—the contract rates that are established.

"It's nothing she did. I believe that's fair and would be appropriate in this case. Also in my personal accounting I have not subdivided them. When I throw in my time to the state I will be submitting it for all the cases. I mean, combined, not separately.

"THE COURT: But if I order $600, for instance, which would be the break for the C felony for the public defender's office that sort of limits you for—to asking for only $600, I think.

"[DEFENSE ATTORNEY]: It does not.

"THE COURT:  It does not?

"[DEFENSE ATTORNEY]:  No.

"THE COURT:  I'll go ahead and order the $600 based on your request.

"[DEFENSE ATTORNEY]:  Thank you, Your Honor."

The state relies on that discussion of attorney fees to argue that defendant invited the trial court's error. "Under the invited error doctrine, a party who 'was actively instrumental in bringing about' an alleged error 'cannot be heard to complain, and the case ought not to be reversed because of it.'" *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904)). For example, where a party "affirmatively misstate[s] the law" and the trial court relies on that misstatement, that party may not then appeal the resulting decision. *State v. Calvert*, 214 Or App 227, 235, 164 P3d 1169 (2007). We have applied the doctrine in cases in which "but for" the misstatement no error would have been committed. *Id.* The purpose of the doctrine is to ensure "that parties do not 'blame the court' for their intentional or strategic trial choices that later prove unwise and then, to the trial court's surprise, use the error that they invited to obtain a new trial." *State v. Ferguson*, 201 Or App 261, 270, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006).

In this case, defendant's attorney was not actively instrumental in bringing about the error. In context, it is clear that the discussion between defendant's attorney and the trial court was about the amount that the attorney charged for his services, not whether defendant was able to pay for those services. The attorney's comment that his fees should be the same as "the amount stipulated by contract to other public defender's offices," rather than affirmatively suggesting that defendant could pay those fees, was instead an observation that it would be unfair to assess higher attorney fees on defendant simply because she was assigned an attorney without a contract that provided for set rates. Moreover, at no point did defendant's attorney affirmatively misstate the law. The attorney did not, for example, argue that the court could impose attorney fees without first considering

defendant's ability to pay them. Finally, it is apparent that the court had already decided to impose attorney fees on defendant before the above-quoted exchange—before defendant's attorney offered any substantive comments about the topic of attorney fees, the trial court had already expressed its belief that "[t]here has to be attorney fees." Thus, the comments by defendant's attorney were not "instrumental" in bringing about the error.[2]

We turn to the issue of plain error. The state has already conceded that, in light of cases such as *State v. Kanuch*, 231 Or App 20, 217 P3d 1082 (2009), the error was plain. We agree with that concession. Therefore, the only question remaining is whether it is appropriate to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

We conclude that it is, for two primary reasons. First, the gravity of the error weighs in favor of the exercise of our discretion. In a recent case, a defendant was sentenced to a 14-month prison term and ordered to pay court-appointed attorney fees of $510. *State v. Hunt*, 271 Or App 347, 350, 350 P3d 521 (2015). In that case, the record contained no evidence that the defendant was, or may have been able, to pay that fee. *Id.* On those facts, we concluded that the $510 fee was sufficiently burdensome to warrant exercising our discretion to correct the error. *Id.* at 353. We reasoned that the 14-month prison sentence meant that, for a significant period of time, the defendant would likely have no way of earning money to pay the fee. *Id.*; *cf. State v. Baco*, 262 Or App 169, 324 P3d 491, *rev den*, 355 Or 751 (2014) (any error in imposing $510 in court-appointed attorney fees was not grave where defendant received a probationary sentence that did not preclude employment). Here, the court sentenced defendant to 33 months in prison and ordered her to pay court-appointed attorney fees of $600. Thus, the financial burden on defendant is comparable to the burden

---

[2] We also note that it would not serve the purposes of the invited error doctrine to apply it in this case. There is no indication that defendant's attorney had a strategic reason for not objecting to the imposition of attorney fees. That error affects only a specific portion of the sentence she received, not the underlying trial or her sentence in general. Therefore, defendant cannot use the error "to obtain a new trial" or any other benefit. *Ferguson*, 201 Or App at 270.

on the defendant in *Hunt*. Second, we again emphasize that defendant gained no strategic benefit by failing to object to the imposition of attorney fees. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (considering "the possibility that defendant made a strategic choice not to object to the sentence" as a factor when deciding whether to exercise discretion to correct an unpreserved error).

Portion of the judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.