Submitted June 30, affirmed December 16, 2015, petition for review denied March 3, 2016 (358 Or 794)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN LEE WEHR,
*Defendant-Appellant.*

Marion County Circuit Court
13C44134; A156531

365 P3d 148

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

### DEVORE, J.

Defendant appeals a judgment of conviction, arguing that the trial court committed plain error by ordering him to pay $1,600 in court-appointed attorney fees without a finding that defendant had an ability to pay fees. *See* ORS 151.505(3) (court may not require a person to pay costs unless the defendant is or may be able to pay them); ORS 161.665(4) (same). The state contends that we should not reverse because defendant invited any error and any error was not plain error. We conclude that the appearance of invited error is great enough so as to make any error less than plain. We affirm.

Defendant was convicted after a jury trial on two counts of second-degree assault. The state filed a sentencing memorandum recommending two terms of 70 months' imprisonment (partly consecutive), post-prison supervision, two $200 fines, restitution of $2,575, and an unspecified sum of defendant's court-appointed attorney fees. In response, defendant filed a sentencing memorandum in which he urged that the verdicts on the two counts should merge and that the court impose one term of mandatory minimum imprisonment of 70 months, post-prison supervision, a single fine of $200, restitution of $2,575, and $1,600 in court-appointed attorney fees.

At the sentencing hearing, the court discussed with the parties the questions of fines, fees, and restitution. The court asked:

"THE COURT:   And court-appointed fees were?

"[DEFENSE COUNSEL]:   Sixteen hundred dollars.

"THE COURT:   Sixteen hundred dollars."

The record was silent about defendant's ability to pay the fees. Defendant raised no objection about attorney fees or about the court's failure to find that he had an ability to pay them. The court entered a judgment that merged the verdicts, imposed 70 months' imprisonment, post-prison supervision, a fine of $200, restitution reduced slightly to $2,293, and $1,600 in court-appointed attorney fees.

On appeal, defendant argues that the trial court erred by ordering him to pay $1,600 in attorney fees without determining his ability to pay. He concedes that the error is unpreserved, but he asks that we review for plain error. *See* ORAP 5.45(1) (authorizing review of errors apparent on the record); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (identifying requirements for plain error). Defendant argues that the record contains no evidence of his ability to pay. He contends that the only indications are to the contrary. At the time of his arrest, he was living out of his backpack, and, in these proceedings, he qualified as indigent for court-appointed counsel.

The state argues that defendant invited the error, that any error was not plain, and that there was evidence that defendant had once worked as a forklift operator, a construction worker, a convenience store employee, and a wildland firefighter.

Oregon statute mandates that the trial court may not impose a sentence requiring payment of court-appointed attorney fees without evidence in the record that the defendant is or may be able to pay such fees. ORS 151.505(3); ORS 161.665(4). At sentencing, the state bears the burden to prove that the defendant has or will have the ability to pay those fees. *State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014). "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012). We have held that the failure of proof of an ability to pay can be plain error. *Coverstone*, 260 Or App at 716-17. Defendant is correct that this record offers little more than speculation about defendant's present or prospective ability to pay attorney fees.

Nevertheless, our concerns about invited error and plain error prevent us from reaching the issue. As to invited error, a party "cannot be heard to complain," if the party "was actively instrumental in bringing [it] about." *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006) (internal quotation marks omitted). We have held that a party did not invite error where the court had already decided to impose attorney fees on the defendant

and the defendant's attorney was merely providing information on the appropriate amount. *State v. Brown*, 272 Or App 321, 324-25, 355 P3d 129 (2015). In that case, the defendant was not "actively instrumental" in bringing about the error. He did not "affirmatively misstate the law," and he did not urge the court to forgo its duty to find an ability to pay. *Id.* at 324-25 (internal quotation marks omitted).

We have also held that a party has invited error by telling the court that "it would be very hard for him to pay the full amount," seemingly negotiating a reduced sum off the record, and returning on the record to report that "[e]verybody's good with" a reduced figure. *State v. Cook*, 267 Or App 776, 779, 341 P3d 848 (2014). In that case, the defendant had addressed the ability to pay in open court, seemingly arrived at a compromised sum that considered his imprisonment and his ability to pay, and, in so doing, induced the court to award the lesser sum without any finding or recital as to his ability to pay. *Id., see also State v. Perez*, 275 Or App 566, 365 P3d 141 (2015).

In this case, defendant answered the court's question about the amount of fees incurred, a figure of $1,600, which was little different than providing the court an informational figure as in *Brown*. The defendant did not raise the issue about the ability to pay fees and then resolve the issue with a compromised sum. Defendant did not "affirmatively misstate the law" or urge the court to forgo its duty to find evidence of an ability to pay the $1,600 in fees incurred. But defendant did include this fee figure in his sentencing memorandum under a heading "Recommendation," along with other terms recommending merger, a single term of imprisonment, one fine, and a restitution sum matching the state's figure. The trial court could well have understood defendant's recommendation—which overall was more favorable to defendant than the state's recommendation—as expressing defendant's ability to pay the recommended amount of fees.

If, at the same time, defendant had objected to the imposition of fees, either at the sentencing hearing or in the written recommendation, the number appearing in defendant's recommendation, standing alone, might well not

suggest invited error. But, in the absence of colloquy or other communication, defendant's recommendation could well have induced the trial court to consider the recommended figure to be a sum that defendant had an ability to pay.

If nothing else, that recommended sum makes less than plain any potential error in the court's failure to complete its duty to find defendant's ability to pay. In order for this court to consider unpreserved error, (1) the error must be one of law, (2) the error must be apparent, meaning that it is obvious and not reasonably in dispute, and (3) the error must appear on the face of the record, such that the court does not need to go outside the record or choose between competing inferences. *Brown*, 310 Or at 355.

Here, the court's duty to find an ability to pay is a matter of law, and that point is not reasonably in dispute. But, to determine whether defendant's "recommendation" was merely providing an informational number or was instead expressing his ability to pay *is* a problem of choosing between competing inferences. Accordingly, any error in the court's failure to find an ability to pay was not plain error. Therefore, we decline to review as plain error defendant's claim that the court erred in imposing a sentence that included the recommended sum of $1,600 in court-appointed attorney fees.

Affirmed.