Submitted October 23, affirmed December 16, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SENAIDA PEREZ,
*Defendant-Appellant.*

Marion County Circuit Court
13C45756; A156600

365 P3d 141

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting her of fourth-degree assault constituting domestic violence, challenging as plain error the court's imposition of court-appointed attorney fees. She contends that the trial court committed plain error when it ordered her to pay $406 in attorney fees when the record was silent as to whether she "is or may be able to pay" the costs of her defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant failed to preserve that claim of error but urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

The state contends that we should decline to review her claim because she invited any error that the court committed in imposing the fees. "If an appellant was actively instrumental in bringing about the error, then the appellant cannot be heard to complain, and the case ought not to be reversed because of it." *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006) (internal quotation marks omitted). "The doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009).

We agree with the state that defendant invited any error; accordingly, we decline to review defendant's claim of error. The record reflects that defense counsel, in response to the state's request for 120 days in jail, a $100 fine, and $406 in court-appointed attorney fees, recommended 60 days in jail. She also stated that "[t]here is the $100 fine by statute and our fees are $406. So I don't have any issue with that." Shortly thereafter, she concluded her sentencing remarks to the court by stating: "I would just ask the court

to consider[] ordering 60 days of jail, and the $100 fine, and the court appointed attorney's fees."

Accordingly, defense counsel indicated to the trial court that court-appointed attorney fees in an amount of $406 was appropriate; thus, by necessary implication, she indicated to the court that defendant "is or may be able to pay" fees in that amount. *See State v. Cook*, 267 Or App 776, 779-80, 341 P3d 848 (2014) (defense counsel invited error when he implied that some amount of court-appointed fees was authorized and, after off-the-record discussions about the amount of court-appointed fees, he informed the court that "[e]verybody's good with that" reduced amount, thus encouraging the trial court to award fees based on the parties' representations). Given that defense counsel invited the trial court to impose $406 in court-appointed fees, defendant is no longer in a position to argue that the trial court committed error by imposing that amount of fees.

Affirmed.