Submitted September 6; supplemental judgment reversed and remanded,
otherwise affirmed November 30, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CANDIDO ALMARAZ-MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C142270CR; A158658

385 P3d 1234

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Andrew D. Robinson, Deputy Public Defender,
Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Greg Rios, Assistant Attorney
General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge,
and DeHoog, Judge.

**FLYNN, J.**

Defendant appeals from a judgment of conviction that required him to pay court-appointed attorney fees of $624 and from a supplemental judgment that required him to pay $2,909.05 in victim restitution. He contends that the record does not support either award. Defendant raises both challenges for the first time on appeal. We conclude that the rules of preservation do not apply to defendant's restitution argument, because the record does not show that defendant had notice that the trial court would be considering the restitution request. We also conclude that there is no evidence to support the restitution award. However, defendant's challenge to the attorney fee award is unpreserved, and we decline to review his challenge as plain error given the record in this case. Accordingly, we reverse the supplemental judgment but otherwise affirm.

We describe the pertinent facts in the light most favorable to the state. *State v. McClelland*, 278 Or App 138, 139, 372 P3d 614, *rev den*, 360 Or 423 (2016) (applying that standard in considering challenge to award of restitution). Defendant pled guilty to attempted second-degree assault and fourth-degree assault, both charged as crimes constituting domestic violence, Class C felonies. Following the assault, the victim received treatment for her injuries at the hospital.

The plea petition agreement that defendant signed specified that he stipulated to "att fees" and to restitution "TBD." During the plea hearing, the prosecutor advised the court that "restitution for the hospital bill is still being calculated" and "ask[ed] that that be left to be determined for 90 days." The court specifically advised defendant that "[t]he issue of restitution is to be determined. There are minimum fines and attorney's fees." Defendant responded, "Yes" when asked if he understood those to be part of the terms of the agreement. The court announced that it would order defendant to pay $624 in attorney fees and that it would "leave the restitution issue open 90 days to see if there [could] be an agreement between the parties as to whatever that would be." The judgment includes a money award of $624 in attorney fees and specifies that restitution will be in

an amount to be determined within 90 days. That judgment was entered on October 28, 2015.

On February 10, 2016, the court signed a supplemental judgment, which recites that "the District Attorney's Office now requests that the Money Award be amended" to reflect a total of $2,909.05 for victim restitution comprising an ambulance bill in the amount of $731.86 and a hospital bill in the amount of $2,177.19. The supplemental judgment indicates that it was prepared by the Washington County District Attorney and indicates a "cc" before the name of the attorney who represented defendant.

## I.  RESTITUTION

In his first assignment of error, defendant argues that the court erred in ordering restitution when "there is no record of the district attorney having presented any evidence of the nature and amount of the damages." The state responds that the argument is not preserved and that we should not reach it as plain error. Defendant agrees that he did not raise this argument in the trial court, but he contends that he had no practical opportunity to object to the restitution award and, thus, that ordinary preservation requirements do not apply.

### A.  *Preservation Rules*

Thus, we begin by considering the state's argument that this assignment of error is unpreserved, and we reject that argument. Generally, in order for an issue to be preserved for appeal, it must be presented to the trial court. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). There is an exception to that general rule, however, when "a party has no practical ability to raise an issue." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). The error that defendant identifies in the supplemental judgment qualifies for an exception to the general rules of preservation.

The Supreme Court in *Peeples* described this court's decision in *State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999), as an example of when compliance with preservation rules is a "practical impossibility." 345 Or at 220 n 7.

In *DeCamp*, the trial court issued a post-judgment order that modified the criminal defendant's sentence without holding a hearing or allowing the defendant to participate in the modification decision. We concluded that preservation requirements did not apply, because "[a] party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted." 158 Or App at 240.

The record in this case is materially indistinguishable from the record in *DeCamp*. The court file contains no indication that defendant was notified that the District Attorney was proposing, or that the court planned to impose, the restitution amounts included in the supplemental judgment. Even if we were to accept the unsigned "cc" on the supplemental judgment as sufficient indication that someone in the Washington District Attorney's Office sent the document to defendant's counsel, and to assume that defendant's counsel received the letter, there is no basis for concluding that defendant's counsel received the document before the judge signed it. Thus, the record contains no indication that defendant had any practical opportunity to challenge the restitution award included in the supplemental judgment.

## B. *Judicial Notice*

In an attempt to avoid this deficiency, the state has asked this court to take judicial notice, pursuant to OEC 201(b)(2), of a letter dated January 12, 2015, which the state contends shows that defendant had an opportunity to object to the requested restitution amount.[1] The letter appears to be on the District Attorney's office letterhead and is addressed to defendant's trial counsel. The letter, which is not signed, states, in part:

> "The total amount of restitution requested is $2,909.05. Supporting documentation is attached.

---

[1] By previous order of the appellate commissioner, the court granted the state's motion to take judicial notice of the existence of the letter, which allowed it to be included in the appellate record for our review, leaving open our ability to consider the state's argument that we should take judicial notice that defendant had an opportunity to object to the restitution request.

"If I do not hear from you by **Monday, January 19, 2015,** I will assume that there is no objection to the restitution amount and will amend the money judgment accordingly."

(Boldface and underscoring in original.)

Judicial notice applies only to a fact that is "not subject to reasonable dispute" because the fact is either:

"(1)   Generally known within the territorial jurisdiction of the trial court; or

"(2)   Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

OEC 201(b).

Regardless of whether the existence of the letter is a matter appropriate for judicial notice, the fact that the state seeks to establish through the letter is not a fact that can be established through judicial notice. The state proposes that the letter shows that defendant had notice that the court would be considering a request to impose restitution in the amount of $2,909.05. To reach that conclusion requires inferences that the letter was sent, that it was received by defendant's attorney, and that defendant's attorney never contacted the district attorney's office to register an objection. None of those inferences is a matter that is "not subject to reasonable dispute" because the inference is "capable of accurate and ready determination" from the mere existence of the letter. Thus, the existence of the letter does not change our conclusion that defendant's challenge to the restitution award is not subject to the ordinary rules of preservation.

C.   *Evidence of Restitution*

On the merits, the state offers no response to defendant's challenge to the supplemental judgment. Like sentencing decisions generally, we review the trial court's restitution award for errors of law, but we are bound by the trial court's findings if those findings are supported by any evidence in the record. *McClelland*, 278 Or App at 141. We agree with defendant that the court erred in awarding restitution because there is no evidence to support the award.

Restitution awards are governed by ORS 137.106(1)(a) which provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages."

The statute then specifies that "[i]f the court finds from the evidence presented that a victim suffered economic damages," then the court shall require "that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court." *Id.*

"Economic damages" that can be addressed through an award of restitution include "'reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services.'" *McClelland*, 278 Or App at 141 (quoting ORS 31.710(2)(a), which ORS 137.106(1)(a) expressly incorporates (emphasis omitted)). However, an award of restitution for medical and hospital services requires proof—through more than just the medical bills—that the charges were reasonable. *Id.* at 146. The record here contains no medical bills, affidavits or other evidence that the requested restitution amounts were incurred, let alone evidence that the requested amounts were reasonable. Accordingly, the trial court erred in ordering restitution, and we must reverse and remand the supplemental judgment. *See State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010) (explaining that this court "has consistently remanded for resentencing in circumstances in which the sentencing court erred by imposing restitution in the absence of any evidence of economic damages").

## II.   ATTORNEY'S FEES

Defendant also contends that we should address as plain error defendant's unpreserved challenge to the trial court's imposition of a court-appointed attorney fee without determining that defendant "is or may be able to pay" the fee. *See State v. Wehr*, 275 Or App 528, 530, 365 P3d 148 (2015), *rev den*, 358 Or 794 (2016) ("[T]he trial court may not impose

a sentence requiring payment of court-appointed attorney fees without evidence in the record that the defendant is or may be able to pay such fees." (Citing ORS 151.505(3); ORS 161.665(4)).). Although the challenge that defendant raises to the fee award is one that we have reached as plain error, *see Wehr*, 275 Or App at 530, we decline to exercise our discretion to review the claim of error in this case.

We understand defendant's argument to be a challenge to the court's ability to impose *any* court-appointed attorney fees, and we decline to consider that challenge because defendant invited the alleged error when he stipulated to a sentence that includes attorney fees in some amount. *See State v. Cook*, 267 Or App 776, 779, 341 P3d 848 (2014) ("if an appellant 'was actively instrumental in bringing about' the error, then the appellant 'cannot be heard to complain, and the case ought not to be reversed because of it'" (quoting *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006))). The plea agreement in this case specifies that defendant stipulated to a sentence that included "att[orney] fees" at the plea and sentencing hearing; the court specifically advised the defendant that "[t]here are minimum fines and attorney's fees" in the plea agreement; and defendant affirmatively represented that he understood those sentencing terms to be part of the agreement. Indeed, defendant does not dispute that he stipulated to the imposition of some amount of attorney fees. Defendant's stipulation told the court that some amount of fees was authorized without further inquiry, and he "cannot be heard to complain" now that fees were not authorized. *See Ferguson*, 201 Or App at 269.

Moreover, to the extent that defendant challenges only the amount imposed as an attorney fee, we decline to reach that argument because the record permits competing inferences about whether defendant's stipulation to pay "att fees" also represented that he has an ability to pay $624 in fees. *See Cook*, 267 Or App at 780 (declining to reach unpreserved challenge to award of $2,460 in attorney fees because the record was susceptible to "competing inferences" regarding whether the defendant agreed to the amount). Specifically, when advising the court of the stipulated sentencing terms, the district attorney explained that the state

was requesting "attorney's fees for a Class C Felony." That comment permits an inference that the fee was based on some predetermined fee schedule and that defendant, by agreeing to pay "att fees" for his Class C felonies, was agreeing that he had the ability to pay $624 in fees. Under the circumstances, we decline to reach defendant's unpreserved challenge to the absence of evidence that he is or may be able to pay the fees.

Supplemental judgment reversed and remanded; otherwise affirmed.