**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ADOLPH JERRY RUIZ,**
*Defendant-Appellant.*

Washington County Circuit Court
C141961CR; A159005

385 P3d 1286

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**PER CURIAM**

Defendant appeals a judgment of conviction for second-degree sexual abuse. ORS 163.425. He was sentenced to 50 months in prison and ordered to pay, among other amounts, $634 in court-appointed attorney fees. On appeal, defendant raises four assignments of error. We reject his first three assignments of error without discussion, and write only to address his fourth assignment, in which he contends that the trial court plainly erred in ordering him to pay court-appointed attorney fees in the absence of evidence that he is or may be able to pay those fees. *See* ORS 151.505(3) (the court may not require a person to pay costs, including court-appointed attorney fees, "unless the person is or may be able to pay the costs"); ORS 161.665(4) ("The court may not sentence a defendant to pay costs * * * unless the defendant is or may be able to pay them.").

The state concedes that the trial court plainly erred by imposing $634 in attorney fees without evidence of defendant's ability to pay. We agree. *See State v. Forney*, 278 Or App 325, 372 P3d 625, *rev den*, 360 Or 465 (2016) (the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay those fees); *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (same). Furthermore, for the reasons articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the plain error. In particular, the error is grave in light of the amount of fees ordered, the length of defendant's prison term, and the lack of evidence in the record that defendant is or may be able to pay the fees. *See Coverstone*, 260 Or App at 716-17; *see also State v. Hunt*, 271 Or App 347, 353, 350 P3d 521 (2015) (exercising discretion to correct plain error under similar circumstances). Accordingly, we accept the state's concession and reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.