## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL ELIJAH RUNNELS,
*Defendant-Appellant.*

Josephine County Circuit Court
14CR0345; A157584

390 P3d 1120

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Stephanie J. Hortsch, Deputy Public Defender,
Office of Public Defense Services, filed the brief for appellant.

Peenesh Shah, Assistant Attorney General, argued the
cause for respondent. On the brief were Ellen F. Rosenblum,
Attorney General, Benjamin Gutman, Solicitor General,
and David B. Thompson, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Tookey, Judge,
and Shorr, Judge.

## ARMSTRONG, P. J.

Defendant was convicted after a jury trial of unlawful manufacture of heroin, ORS 475.846; unlawful delivery of heroin, ORS 475.850; unlawful possession of heroin, ORS 475.854; unlawful delivery of methamphetamine, ORS 475.890; unlawful possession of methamphetamine, ORS 475.894; and felon in possession of a firearm, ORS 166.270. The court also entered a judgment of criminal forfeiture, ORS 131.582. Defendant was sentenced to 52 months' imprisonment on each of the drug-related convictions (Counts 1 through 5), and 12 months' imprisonment on the firearms conviction (Count 6), which was ordered to be served consecutively to the sentence imposed on Count 5. The court also ordered defendant to pay $440 in court-appointed attorney fees, in addition to other fines and fees. He appeals the resulting judgment, raising four assignments of error. We reject defendant's first, third, and fourth assignments of error without discussion[1] and write only to address his second assignment of error, in which he asserts that the trial court plainly erred in ordering him to pay attorney fees. As explained below, we agree with defendant on that point, and we reverse that portion of the judgment. Otherwise, we affirm.

Defendant acknowledges that he did not preserve his assignment of error on attorney fees, but he contends that we should exercise our discretion to correct the error as plain error—as we have in other cases—because there is no evidence in the record that he is or will be able to pay the fees. *See* ORAP 5.45(1) (appellate court has discretionary authority to review an unpreserved error of law that is apparent on the record). The state responds that, because "the trial court may well have relied on the information collected to determine defendant's eligibility for court-appointed counsel in ordering him to pay $440 in court-appointed attorney fees,"[2]

---

[1] In his first assignment, defendant asserts that the trial court erred in denying his motion to suppress evidence discovered during what he contends was an unlawful extension of a traffic stop. In his third and fourth assignments respectively, defendant contends that the trial court plainly erred by instructing the jury that it could find defendant guilty by nonunanimous verdicts and by accepting the jury's nonunanimous guilty verdict on one of the counts.

[2] *See* ORS 151.485 to 151.497 (procedures governing determination of financial eligibility for court-appointed counsel).

"defendant has not demonstrated that the claimed error is 'obvious, not reasonably in dispute,'" which is one of the requirements for plain-error review. *See State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014), *cert den*, ___ US ___, 135 S Ct 2861, 192 L Ed 2d 899 (2015) ("To qualify as plain error, an asserted error must be (1) one of law; (2) it must be apparent, *i.e.*, the point must be obvious, not reasonably in dispute; and (3) it must appear on the face of the record, *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." (Internal quotation marks and citations omitted.)).

We reject the state's argument. ORS 151.505 and ORS 161.665 authorize the court to order a defendant to repay the costs of court-appointed counsel; however, "[t]o invoke that authority, the trial court must make a predicate determination that a criminal defendant 'is or may be able to pay' the fees." *State v. Mickow*, 277 Or App 497, 498, 371 P3d 1275 (2016) (quoting ORS 151.505(3); ORS 161.665(4)). "Absent that determination, those statutes, by their terms, prohibit a court from requiring a defendant to pay fees." *Id.* Consequently,

> "for us to uphold an award of court-appointed attorney fees, the record must *** permit the inference that the trial court did, in fact, comply with the applicable statutory requirements when awarding fees. In other words, when evaluating an award of court-appointed attorney fees, we do not assume that the trial court complied with applicable statutory procedures unless the record provides some affirmative support for that assumption. Where the record contains no affirmative indication that the trial court complied with the statutory requirements for imposing fees, we will conclude that the court did not, in fact, do so."

*Id.* at 500.

Here, there is no "affirmative indication" in the record that the court made the predicate determination required by statute, and the state's suggestion to the contrary is nothing more than speculation. Moreover, even if we assume that the court considered the information that defendant provided in support of his eligibility for court-appointed counsel, as defendant points out in his memorandum of

additional authorities, that information contains nothing that could support a determination that he is or may be able to pay attorney fees.[3] That information indicated that defendant lived with his parents, had been unemployed for the past six years, had no income, and had $5 in his checking account. Further, there is no other information in the record relevant to defendant's ability to pay attorney fees. Accordingly, and consistently with our prior cases, *see, e.g.,* *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (trial court plainly erred in imposing court-appointed counsel fees where there was no evidence from which it could be inferred that court had complied with statutory requirement to determine defendant's ability to pay), we conclude that the trial court plainly erred in imposing attorney fees here. *See also State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future."); *id.* at 635 n 6 ("[T]he state bears the burden of proving that a defendant is or may be able to pay attorney fees.").

We turn to the next inquiry in the plain-error analysis—whether it is appropriate for us to exercise our discretion to correct the error in this case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (even if error is plain, "the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so"). The state argues only that the asserted error is not plain error; it does not offer any

---

[3] ORS 151.495 provides, in part:

"(1) All information supplied by a person seeking appointed counsel and all information collected by the state courts for purposes of determining financial eligibility for appointed counsel under ORS 151.485 to 151.497 is confidential and shall not be used for any purpose other than determining financial eligibility.

"(2) Notwithstanding subsection (1) of this section, information supplied by a person seeking appointed counsel and information collected by the state courts for purposes of determining financial eligibility may be:

"*****

"(c) Used by the court in a sentencing proceeding resulting from the defendant's conviction on the matter for which the information was provided or collected[.]"

rationale for us not to exercise our discretion to correct the error in the event we disagree with that proposition, as we have just done. Defendant contends that we should exercise our discretion to correct the error because it is grave, given his financial circumstances and the length of his prison term, and because "[t]his is not a case in which the trial court could have made the necessary findings had the issue been brought to the court's attention." We agree with defendant and exercise our discretion to correct the error for those reasons. *See, e.g., State v. Ruiz*, 283 Or App 110, 111, 385 P3d 1286 (2016) (exercising discretion to correct error as grave where court imposed $634 in attorney fees, defendant was sentenced to 50 months in prison, and record lacked evidence that he could or would be able to pay the fees); *State v. Brown*, 272 Or App 321, 325-26, 355 P3d 129 (2015) (reversing as plain error imposition of $600 in attorney fees where defendant was sentenced to 33-month prison term and defendant gained no strategic benefit in failing to object to imposition of attorney fees); *State v. Hunt*, 271 Or App 347, 353, 350 P3d 521 (2015) (gravity of error weighed in favor of correcting error in imposing $510 in court-appointed attorney fees where defendant was sentenced to 14 months in prison and record contained no evidence that defendant had present or future capacity to pay the fees). Accordingly, we reverse the portion of the judgment requiring defendant to pay attorney fees.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.