Submitted March 29; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed May 3, 2017

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ROBERT LITLETON WILLIS,**
*Defendant-Appellant.*

Marion County Circuit Court
14C45861; A160249

395 P3d 981

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## LAGESEN, J.

Defendant appeals from a judgment of conviction, assigning error solely to the trial court's imposition of $1,664 in attorney fees under ORS 151.505(3) and ORS 161.665(4) for the costs of defendant's court-appointed counsel. He acknowledges that he did not preserve the assigned error, but requests that we review—and reverse—for plain error, as we have done in a host of other cases. *See, e.g., State v. Runnels*, 283 Or App 512, 390 P3d 1120 (2017), *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014). In response, pointing to our decisions in *State v. Wehr*, 275 Or App 528, 365 P3d 148 (2015), *State v. Perez*, 275 Or App 566, 365 P3d 141 (2015); and *State v. Cook*, 267 Or App 776, 341 P3d 848 (2014), the state argues that defendant assented to the state's recommended fee award and that, for that reason, any error is either invited or not plain. For the reasons that follow, we conclude that defendant did not invite the error, that the error is plain, and that we should exercise our discretion to review and correct the error.

The relevant facts are largely procedural. Defendant was charged with a number of offenses. The trial court appointed counsel for defendant. At the same time, as authorized by ORS 151.487(1),[1] the court determined that defendant had the financial capacity to contribute $1,750 toward the cost of his appointed counsel and signed a limited judgment ordering defendant to pay that amount, along with an

---

[1] ORS 151.487(1) states:

"If in determining that a person is financially eligible for appointed counsel under ORS 151.485, the court finds that the person has financial resources that enable the person to pay in full or in part the administrative costs of determining the eligibility of the person and the costs of the legal and other services to be provided at state expense that are related to the provision of appointed counsel, the court shall enter a limited judgment requiring that the person pay to the Public Defense Services Account established by ORS 151.225, through the clerk of the court, the amount that it finds the person is able to pay without creating substantial hardship in providing basic economic necessities to the person or the person's dependent family. The amount that a court may require the person to pay is subject to the guidelines and procedures issued by the Public Defense Services Commission as provided in subsection (4) of this section."

additional $20 for the processing of his application for court-appointed counsel, to the state "immediately."[2]

Later, defendant and the state reached a plea agreement, under which defendant agreed to plead guilty to 10 of the 17 charges against him in exchange for the state's agreement to dismiss the remaining counts and cap its sentencing recommendation at 600 months' incarceration total. Apart from the parties' agreement that the state would not recommend more than 600 months' incarceration total, the parties did not agree on a sentencing recommendation, and each party submitted its own sentencing recommendation to the court. The state's sentencing recommendation included a suggestion that the court impose $1,664 in court-appointed attorney fees in its judgment, along with $2,000 in fines. Defendant's recommendation omitted any suggestion that the court should order defendant to pay any additional amounts of attorney fees at sentencing. At sentencing, neither the state nor defendant raised the issue of attorney fees, and the trial court made no on-the-record determination that defendant had the ability to pay $1,664 in attorney fees beyond the $1,750 that the court initially determined defendant had the ability to pay. The trial court nevertheless ordered defendant to pay $1,664 in attorney fees and included that amount in the judgment of conviction. Defendant did not object at that time, but has appealed that judgment, assigning error solely to the award of attorney fees.

We have held that it is plain error for a trial court to order a criminal defendant to pay court-appointed attorney fees when the record contains no evidence to permit the

---

[2] Although the document signed by the trial court is entitled "limited judgment," consistent with ORS 151.487's directive to the court to enter such a judgment, the court clerk erroneously noted in this case register that the document was an order. As a consequence of the clerk's erroneous notation in the case register, the trial court's "limited judgment" is not enforceable as a judgment. *See* ORS 18.058 (providing that "the court administrator shall note in the register that a judgment document has been filed"); ORS 18.082(1)(b) (providing that, upon entry, a judgment "[m]ay be enforced in the manner provided by law"); *Garcia v. DMV*, 195 Or App 604, 609, 99 P3d 316 (2004) (explaining that, "to be enforceable and appealable, a judgment has to be in writing, plainly labeled as a 'judgment,' and entered in the register with a notation that a 'judgment' has been filed").

inference that the defendant is or may be able to pay those fees. *Runnels*, 283 Or App at 515-16. That would seem to be the case here. In fact, the record as a whole affirmatively supports the inference that defendant is not able to pay the $1,664 in fees awarded at sentencing. As noted, at the time it appointed counsel, the court determined that the maximum contribution that defendant could afford to make toward court-appointed counsel was $1,750 and ordered defendant to pay that amount. That suggests that defendant is not capable of paying more than the $1,750 that the court initially ordered him to pay. Yet, as a result of the judgment on appeal, defendant has been ordered to pay more than $1,750 toward his court-appointed attorney fees—$1,664 more, to be exact.

Relying primarily on *Wehr*, the state contends that defendant affirmatively consented to the state's recommended sentence—and thus the fee award—when he entered the plea agreement. Therefore, the state argues, defendant "affirmatively invited or consented to the trial court's imposition of fees" and that, for that reason, we should either conclude that defendant invited the error or, at a minimum, that defendant's conduct renders any error by the trial court not plain.

The weak point in the state's argument is its factual predicate—that is, that defendant agreed to the state's recommended sentence when he entered the plea agreement. Defendant, in fact, did not do so. Although the plea petition—which is a form document—has a box that a defendant may check to indicate that a defendant stipulates to the state's recommended sentence, defendant did not check that box in this case.[3] Further, the parties made competing sentencing recommendations both in writing and orally, and defendant at no time suggested that the court should award additional attorney fees for court-appointed counsel. In other words, nothing that defendant said or did communicated affirmatively that defendant was assenting to the state's recommendation that the judgment include an award of attorney fees.

---

[3] The line after the check box provides, "I stipulate to the above sentence recommendation, and I ask the court to impose that sentence."

It is in that respect that this case differs significantly from *Wehr* and the other cases in which we have concluded that a defendant, through affirmative words or conduct, either invited any error by the trial court or, at a minimum, rendered any error not plain. In *Wehr*, the defendant's own sentencing memorandum recommended a sentence including $1,600 in attorney fees. 275 Or App at 529. In *Perez*, the defendant orally indicated his assent—twice—to the imposition of attorney fees in a specific amount and the court awarded that amount of fees. 275 Or App at 567. In *Cook*, the defendant initially objected to a proposed attorney fee award on the ground that he lacked the ability to pay it but, when the trial court reduced the award by a significant amount, the defendant represented that he was "good with" the reduced amount. 267 Or App at 779. Finally, in *State v. Almaraz-Martinez*, 282 Or App 576, 581-82, 385 P3d 1234 (2016), we declined to review as plain error the trial court's imposition of an award of attorney fees where the defendant had stipulated to an award of attorney fees. As should be evident, in each of those cases, the defendant, through affirmative representations to the trial court, effectively walked the court into imposing the fee awards challenged on appeal, either inviting any error or, at a minimum, precluding the conclusion that the trial court plainly erred in the absence of case law holding that a trial court errs by awarding fees based on a defendant's affirmative assent to the amount of fees awarded.

Here, defendant did not affirmatively represent to the trial court that a fee award would be appropriate; instead, he stood by passively as the court imposed the award. That makes this case like the ones in which we routinely have concluded that a trial court plainly errs when it imposes an award of fees for court-appointed counsel in the absence of evidence that the defendant is or may be able to pay such fees. *See Runnels*, 283 Or App at 516.

The remaining question is whether we should exercise our discretion to correct the error, taking into account the gravity of the error and other circumstances. *Id.* We readily conclude that we should. As a result of the judgment on appeal, defendant has been ordered to pay court-appointed

attorney fees totaling $3,414, notwithstanding the court's previous determination that defendant had the ability to contribute only $1,750 toward the costs of court-appointed counsel. Moreover, defendant was sentenced to a lengthy term of incarceration, $1,644 is a substantial amount of money, and there is no indication in the record that defendant has any ability to pay that amount, particularly in view of the previously imposed fees.

Finally, one other consideration weighs in favor of exercising our discretion to correct the error in this case. In entering judgment on the $1,664 fee award, the trial court did not determine the extent to which that fee award was duplicative of the $1,750 that the court ordered defendant to pay at the time that it appointed counsel, even though ORS 151.505(1) provides that fee awards made at the end of a criminal case may not duplicate those amounts imposed previously.[4] As a result, there is at least some probability that the fees imposed in the judgment on appeal duplicate the fees imposed in the court's previous order, and it would not be just to require an indigent defendant to satisfy a duplicative award.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[4] ORS 151.505(1) states:

"At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial, appellate or post-conviction court may include in its judgment a money award requiring that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel, and the costs of the legal and other services that are related to the provision of appointed counsel, *that have not previously been required to be paid under a limited judgment entered under ORS 151.487.* An award under this section is a monetary obligation payable to the state."

(Emphasis added.)